**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000413
14-OCT-2015
09:43 AM**

NO. CAAP-15-0000413

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LOLITA SILVA, Individually and as Special Administrator of the
Estate of HAL T. SILVA, Deceased; BRIAN SMITH; AND KELLY HEIMAN,
Plaintiffs-Appellants,
v.
NELSON ALANA, in his Individual and Official Capacity,
Defendant-Appellee,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10;
and ROE GOVERNMENTAL ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-00788(1))

ORDER
(1) GRANTING AUGUST 28, 2015 MOTION TO DISMISS APPEAL
FOR LACK OF APPELLATE JURISDICTION;
AND
(2) DISMISSING AS MOOT ALL OTHER PENDING
MOTIONS IN APPELLATE COURT CASE NUMBER CAAP-15-0000413
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of (1) Defendant-Appellee Nelson Alana's

(Appellee Alana), August 28, 2015 motion to dismiss appellate

court case number CAAP-15-0000413 for lack of appellate

jurisdiction, (2) Plaintiffs-Appellants Lolita Silva,

individually and as special administrator of the Estate of Hal T.

Silva, deceased, Brian Smith, and Kelly Heiman's (the Appellants) September 2, 2015 memorandum in opposition to Appellee Alana's August 28, 2015 motion to dismiss, and (3) the record, it appears that we lack appellate jurisdiction over the Appellants' appeal from the Honorable Rhonda I.L. Loo's March 13, 2015 "Order Denying Plaintiffs' Motion for an Order Directing Entry of Final Judgments Pursuant to CAAP Awards Dated December 8, 2014" (the March 13, 2015 interlocutory order), because the circuit court has not yet reduced any dispositive rulings to a separate judgment, as Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2014) requires for an appeal from a civil circuit court case under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994), the April 28, 2015 order purporting to authorize the interlocutory appeal of the March 13, 2015 interlocutory order is deficient, and, even if the March 13, 2015 interlocutory order were an independently appealable order, the Appellants' May 18, 2015 notice of appeal is not timely as to the March 13, 2015 interlocutory order under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

HRS § 641-1(a) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has

-2-

been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). The circuit court has not reduced any of its dispositive rulings to an appealable final judgment.

Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2014), the March 13, 2015 interlocutory order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order).

We note, in particular, that when a party moves a circuit court for leave to assert an interlocutory appeal from an order pursuant to HRS § 641-1(b), the circuit court must do more than enter a written order granting the motion. The circuit court's written order must also include an express conclusion that the interlocutory appeal is advisable for the speedy

termination of litigation before it, and the circuit court must expressly set forth in the order its reasons in support of that conclusion:

> If any order is entered, other than a final judgment, and a party moved for an interlocutory appeal pursuant to HRS § 641-1(b) or 641-17, the trial court shall carefully consider the matter of whether it thinks an interlocutory appeal will more speedily determine the litigation and, if it so concludes, will set forth, in the order allowing the appeal, its reasons for that conclusion.

Mason v. Water Resources International, 67 Haw. 510, 511-12, 694 P.2d 388, 389 (1985) (emphases added). In the instant case, the circuit court entered an April 28, 2015 order purporting to grant the Appellants' motion for leave to assert an interlocutory appeal from the March 13, 2015 interlocutory order pursuant to HRS § 641-1(b), but, contrary to the requirements under HRS § 641-1(b) and the holding in Mason, the April 28, 2015 order does not contain any express conclusion that an interlocutory appeal is advisable for the speedy termination of litigation before it, nor does the April 28, 2015 order contain the circuit court's reasons for that conclusion.

Moreover, the Appellants' appeal from the March 13, 2015 interlocutory order is untimely under HRAP Rule 4(a)(1). "The order appealed from on an interlocutory appeal is not made final, for any purpose, by the allowance of the interlocutory appeal and the time period runs from the entry of the order, not from the allowance of the appeal." King v. Wholesale Produce Dealers Ass'n of Hawaii, 69 Haw. 334, 335, 741 P.2d 721, 722

(1987) (emphasis added);[1] See also State v. Irvine, 88 Hawai'i 404 406, 967 P.2d 236, 238 (1988) and Kohala Agriculture v. Deloitte & Touche, 86 Hawai'i 301, 311, 9494 P.2d 141, 151 (App. 1997).

In the instant case, the Appellants did not file their May 18, 2014 notice of appeal within thirty days after entry of the March 13, 2015 interlocutory order, as HRAP Rule 4(a)(1) required under the holding in King v. Wholesale Produce Dealers Ass'n of Hawaii. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore,

IT IS HEREBY ORDERED that Appellee Alana's August 28, 2015 motion to dismiss appellate court case number CAAP-15-0000413 for lack of appellate jurisdiction is granted, and

[1]     With respect to certification of a circuit court's adjudication of one or more but less than all claims for an appeal pursuant to HRCP Rule 54(b), the Supreme Court of Hawai'i has stated that Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994) overruled King v. Wholesale Produce Dealers Ass'n of Hawaii, 69 Haw. 334, 741 P.2d 721 (1987). Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994). However, the holding in Jenkins "does not appear to disturb the holding in King with respect to HRS § 641-1(b)." Kohala Agriculture v. Deloitte & Touche, 86 Hawai'i 301, 311 n.19, 9494 P.2d 141, 151 n.19 (App. 1997).

appellate court case number CAAP-15-0000413 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all other pending motions in appellate court case number CAAP-15-0000413 are dismissed as moot.

DATED: Honolulu, Hawai'i, October 14, 2015.

Chief Judge

Associate Judge

Associate Judge

-6-